1                                                                            JDN

2   **WO**

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9   Johnny Deon Tarvin,                    )    No. CV 06-0018-PHX-DGC (JRI)
                                           )
10                 Petitioner,             )    **ORDER**
    vs.                                    )
11                                         )
    Dora Schriro, et al.,                  )
12                                         )
                   Respondents.            )
13  _____       )

14         Petitioner, who is confined in the Bachman Unit of the Arizona State Prison Complex

15  in Buckeye, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28

16  U.S.C. § 2254.  The $5.00 filling fee has been paid.  The Court will order Petitioner to show

17  cause in thirty days why his action should not be dismissed pursuant to Rule 4 of the

18  Rules Governing § 2254 Cases.

19  **A.    Procedural Background.**

20         In the Maricopa County Superior Court, Matter No. CR2000-009169, Petitioner pled

21  guilty to aggravated assault.  He was sentenced to a term of nine years.  The sentence of

22  imprisonment included a finding that Petitioner had one prior felony conviction.  Petitioner

23  did not appeal his sentence.  He requested post-conviction relief.  By order filed August

24  30, 2004, the Maricopa County Superior Court denied his request.  Petitioner's appeal

25  therefrom was later denied by the Arizona Court of Appeals.  He did not seek review in the

26  Arizona Supreme Court.

27         In his habeas petition, Petitioner raises three grounds for relief.  First, he contends

28  that his Sixth Amendment rights were violated because he was sentenced to an aggravated

**JDDL**

term without a jury finding or a waiver of his claim under <u>Apprendi</u>/<u>Blakely</u>.[1]   Petitioner further alleges that his sentence had not become final because he filed his one and only Rule 32 Petition *after* the <u>Blakely</u> decision, thus, the state court unlawfully denied his Petition.   Second, Petitioner claims that the fundamental error as set forth in the previous ground entitled him to automatic direct review by the Arizona Court of Appeals, but review was denied in violation of his due process rights.   Third, Petitioner re-asserts that his Sixth Amendment and due process rights were violated when the state court refused to review his Rule 32 petition.

## B.   <u>Summary Dismissal Standard.</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   Rules Governing § 2254 Cases, Rule 4; <u>see</u> 28 U.S.C. § 2243.   If so, the petition must be summarily dismissed.   <u>Id.</u>; <u>see also</u> <u>Obremski v. Maass</u>, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 instead of Rule 12(b)(6)).

Rule 4 shows that "Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions."   <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1127 (9th Cir. 1998).   Under Rule 4, courts may sua sponte raise issues that are identifiable from the face of the petition, including issues such as procedural default, <u>Boyd</u>, 147 F.3d at 1127-28, and the one-year limitation period of 28 U.S.C. § 2244(d), <u>Herbst v. Cook</u>, 260 F.3d 1039, 1041 (9th Cir. 2001).   "It would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss."   <u>Boyd</u>, 147 F.3d at 1128.

This summary dismissal power is not without limits.   <u>Boyd</u>, 147 F.3d at 1128.   A court

---

[1] <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 488-90 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

JDDL

1   must give a petitioner notice and an opportunity to respond to the argument for dismissal.

2   Id.; accord Herbst, 260 F.3d at 1043.   When the petitioner is *pro se*, the court must make

3   clear the issue and the consequences for failing to respond.   Boyd, 147 F.3d at 1128.   An

4   order to show cause and an opportunity to respond is one permissible method.   Id.

5   Because Petitioner's application is facially defective, the Court will require Petitioner to

6   show cause why his action should not be dismissed.

7   **C.     Analysis.**

8       Petitioner contends that his aggravated sentence violated Apprendi/Blakely.   In

9   Apprendi, the Supreme Court held that a jury finding beyond a reasonable doubt is

10  required for any "fact" that increases the penalty other than the fact of a prior conviction.

11  Apprendi, 530 U.S. at 488-90.   In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme

12  Court applied Apprendi and held that the State of Washington's sentencing guidelines

13  impermissibly allowed enhancement of a defendant's sentence based on a judicial finding

14  of deliberate cruelty.

15      Recently, in Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit Court

16  of Appeals held that because the petitioner's direct appeal was not pending at the time that

17  Blakely had been decided, the holding in Blakely could not be applied retroactively.   Thus,

18  the court of appeals rejected the petitioner's claim that his sentence violated the Sixth

19  Amendment as construed under Apprendi.

20      The Blakely decision issued on June 24, 2004.   At that time, Petitioner had no direct

21  appeal pending.   More than likely, he had waived it as part of his guilty plea.   For guilty

22  pleas, Arizona provides an "of-right" avenue of review in a post-conviction proceeding

23  under Rule 32.1 of the Arizona Rules of Criminal Procedure that is considered to be the

24  equivalent of a direct appeal.   See State v. Smith, 910 P.2d 1, 3 (Ariz. 1996); Rule 32.4(a),

25  Ariz. R. Crim. P.   Assuming that the of-right Rule 32 proceeding is considered to be the

26  equivalent of a direct appeal such that Blakely might be applicable, Petitioner failed to file

27  a timely notice of his of-right proceeding.   He was convicted on October 2, 2000, and he

28  was required to file within ninety days.   See Rule 32.4(a), Ariz. R. Crim. P.   His notice was

1   filed on August 19, 2004, and denied as untimely on August 30, 2004. <u>See</u> <u>State v. Tarvin</u>,

2   Matter No. CR2000-009169 (Maricopa Cty Sup. Ct.) (Sept. 1, 2004 Minute Entry).  The

3   Maricopa County Superior Court expressly found that Petitioner's conviction became final

4   when the time for filing his of-right proceeding had elapsed. <u>Id.</u>  Because Petitioner's

5   conviction was final prior to the issuance of <u>Blakely</u> on June 24, 2004, that decision cannot

6   be applied retroactively.  Further, Arizona law only mandates an automatic direct review

7   of capital cases in the state supreme court, therefore, there is no support for Petitioner's

8   claim that an alleged error in sentencing is automatically subject to a direct review by the

9   courts.

10       Even assuming that retroactivity did not preclude consideration of Petitioner's

11  claim, aggravation of his sentence based upon a prior conviction is constitutionally

12  permissible.  In <u>Apprendi</u>, the Supreme Court held that a jury finding beyond a reasonable

13  doubt is required for any "fact" that increases the penalty *other than the fact of a prior*

14  *conviction.* <u>Apprendi</u>, 530 U.S. at 488-90 (emphasis added). <u>See also</u> <u>Almendarez-Torres</u>

15  <u>v. United States</u>, 523 U.S. 224, 239-47 (1998) (no due process violation in treating recidivism

16  as a sentencing factor instead of an element of a crime for purposes of enhancing a

17  sentence under 8 U.S.C. § 1326(b)).  Petitioner does not describe exactly how his sentence

18  was aggravated, but it appears that the only basis used by the sentencing court was his

19  prior felony conviction.  Consequently, under <u>Apprendi</u> and its progeny, Petitioner's Sixth

20  Amendment and due process rights were not violated.

21  **C.    Show Cause.**

22       In light of the foregoing, none of Petitioner's grounds for relief are sufficient to

23  warrant an answer from Respondents.  Petitioner is hereby ordered to show cause why his

24  action should not be summarily dismissed pursuant to Rule 4 of the Rules Governing §

25  2254 Cases as plainly without merit.  He will be permitted **thirty days** in which to respond.

26  **D.    Address Changes.**

27       In the notice of assignment issued in this action (Doc. #2), Petitioner was advised

28  he must file a notice of change of address if his address changes.  Petitioner is again

JDDL                                           - 4 -

1   reminded that at all times during the pendency of this action, Petitioner shall immediately

2   advise the Court of any change of address and its effective date.   Such notice shall be

3   captioned "NOTICE OF CHANGE OF ADDRESS."   Petitioner shall serve a copy of the

4   Notice of Change of Address on all opposing parties.   The notice shall contain only

5   information pertaining to the change of address and its effective date, and shall not include

6   a motion for other relief.   Failure to timely file a notice of change of address may result in

7   the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal

8   Rules of Civil Procedure.

9   **E.      Warning of Possible Dismissal Pursuant to Rule 41.**

10          Petitioner should take note that if he fails to timely comply with every provision of

11   this Order, this action will be dismissed without further notice.   See Ferdik v. Bonzelet, 963

12   F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply

13   with any order of the Court).

14   **IT IS THEREFORE ORDERED:**

15          (1)   That Petitioner shall have **30 days** from the date this Order is filed to show

16   cause why his action should not be dismissed pursuant to Rule 4 of the Rules Governing

17   § 2254 Actions; and

18          (2)   That if Petitioner fails to file a Response within **30 days** of the date this Order

19   is filed, the Petition shall be summarily dismissed pursuant to Rule 4 of the Rules

20   Governing § 2254 Actions and the Clerk of Court shall enter a judgment of dismissal

21   accordingly, without further notice to Petitioner.

22          DATED this 31st day of January, 2006.

23

24

25

26

27                                              David G. Campbell
                                               United States District Judge

28