**WO**

LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Deon Tarvin,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.<br><br>    Respondents. | No. CV-06-18-PHX-DGC (JRI)<br><br>**ORDER** |

This is a habeas action filed by a state prisoner. By Order filed February 2, 2006 (Doc. #3), the Court ordered Petitioner to show cause why his action should not be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. Petitioner has filed a Response (Doc. #4). The Court will summarily dismiss the petition pursuant to Rule 4.

In its previous Order, the Court found that Petitioner's claim that his sentence was aggravated did not meet Rule 4 standards because *Blakely*[1] could not be applied retroactively when Petitioner's conviction became final prior to the issuance of the *Blakely* decision. In his Response, Petitioner fails to set forth any reason why retroactivity does not preclude consideration of his claim. Further, Petitioner has not shown that the enhancement of his sentence was based on anything other than a prior conviction. Reliance on a prior conviction

---

[1] *Blakely v. Washington*, 542 U.S. 296 (2004).

to enhance a sentence is permissible under *Apprendi*.[2]  Consequently, Petitioner has failed to show cause why his petition should not be dismissed, and the Court will summarily dismiss his habeas petition.

**IT IS THEREFORE ORDERED** that the Petition (Doc. #1) and this action are dismissed with prejudice.  The Clerk of Court shall enter judgment accordingly.

DATED this 3rd day of May, 2006.

*David G. Campbell*
United States District Judge

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).